AYRES, Judge.
This is an action to recover the sum of $4,588.13 allegedly advanced by plaintiff to the defendants, J. E. Noble and Johnny Noble, and used by them in the operation of the Florentine Club, Inc., of which J. E. Noble was president and Johnny Noble, his son, was manager. The defendants contend that plaintiff advanced the sum of $5,000.00 as part payment of the purchase price of the outstanding stock of the aforesaid club, and that, of said sum, plaintiff recovered $411.67 for which they should have judgment in re-convention. From a judgment in favor of plaintiff, defendants appealed.
The issues are purely factual in character and concern the question whether plaintiff had entered into an agreement to purchase the outstanding capital stock of the aforesaid club. Few of the facts have been established without dispute; however, among the uncontroverted facts are the following:
J. E. Noble was the owner of the outstanding capital stock of the Florentine Club, Inc. As of December 3, 1961, due to its distressing financial condition, the club ceased operations without any intention on the part of the Nobles to reopen it. About *65 this time, plaintiff expressed an interest in negotiating for the purchase of the club’s capital stock. He desired that the club, in the meantime, remain open in order that there would be no detrimental effect on the business in the event he concluded his negotiations and purchased the stock. Pressing at the time was the payment of certain taxes due the Internal Revenue Service, as well as obligations due to the creditors. To relieve these obligations, plaintiff deposited $5,000.00 in a local bank in a joint account under his name and that of Johnny Noble. Of the amount deposited, $4,588.13 was used to make payment on the internal revenue tax claims and to satisfy other insistent creditors.
Plaintiff contends that the $5,000.00 was advanced to the Nobles upon the basis of their promise to execute a note therefor and because of his personal interest in maintaining the club operations until he reached a conclusion with respect to his prospective purchase of the stock. Plaintiff insists that his negotiations for the purchase were predicated upon an audit of the club’s financial condition being furnished him, which he never received. In lieu of an audit, plaintiff was given, on two separate occasions, statements of accounts allegedly prepared by the club’s accountants, neither of which was signed nor certified by the accountants. Both of these statements bore the notation that they were not to be considered audits.
On trial, defendants contended that the .agreement to sell was already complete at the time plaintiff procured and arranged for the deposit of the $5,000.00, and that said sum was considered to be a deposit of earnest money. This position, however, was inconsistent with the allegation of their answer wherein it was stated that no agreement had been entered into, at the time of the deposit, for the purchase price of the stock, and that the deposit was to be considered as a part payment on the purchase price of said stock in the event, of course, that such an agreement was finally consummated.
It may be pointed out that defendants’ position is irreconcilably inconsistent by reason of the fact that earnest money is deposited in connection with an option to purchase. Accordingly, it is presumed that the agreement to purchase has not then been consummated. If an agreement of sale had already been made, the deposit would have been considered as a payment on the agreed purchase price.
Nevertheless, the record clearly reflects the fact that neither the conditions of a proposal to sell nor an actual sale was agreed upon between the parties. In other words, there was never a meeting of the minds as to the price and conditions. The only point of agreement reached between the parties was apparently as to the thing itself — that is, the entire capital stock of the club. Further, the evidence leaves little room for doubt that all parties contemplated a reduction to writing of any agreement made between them. An instrument of writing was prepared but was never approved or signed by either Lyons or Noble.
The trial court concluded no agreement was reached between plaintiff and defendants for the purchase of the capital stock of the Florentine Club, Inc.; that the deposit could not be considered earnest money, but was merely an advance by plaintiff to the defendants for which they were to execute their promissory note in the event the sale was not finally consummated. A sale not having been agreed upon, plaintiff is entitled to recover the advance made by him which was to have been used as a portion of the purchase price of the property in the event a sale was made.
Not only do we fail to find any manifest error in the judgment appealed, but, from our own review of the record, we find the judgment correct.
Therefore, for the reasons assigned, the judgment appealed is hereby affirmed at defendants-appellants’ cost.
Affirmed.